Darren P.B. Rumack
THE KLEIN LAW GROUP
39 Broadway Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiffs and the putative class.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **NIKOLA HAMILTON**, *individually and on behalf of others similarly situated,*<br><br>Plaintiffs,<br><br>- against -<br><br>**TALIA'S RESTAURANT GROUP, LLC d/b/a TALIA'S STEAKHOUSE, and EPHRAIM NAGAR,**<br><br>Defendants. | **CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**INDEX NO.**<br><br>**Jury Trial Requested** |

Nikola Hamilton ("Plaintiff"), on her own behalf and on behalf of others similarly situated, by her attorneys, The Klein Law Group, P.C., alleges as follows:

## NATURE OF THE CASE

1. This is a collective action brought by Plaintiffs on their own behalf and on behalf of a proposed collective identified below. Plaintiffs, and the proposed collective, were or are employed as food service workers (i.e., servers) by Talia's Restaurant Group, LLC d/b/a Talia's Steakhouse ("Talia's"), and Ephraim Nagar ("Nagar") (collectively "Defendants").

2. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") and the New York Labor Law § 190 *et seq.* ("NYLL") to recover unpaid minimum wages, unlawfully misappropriated tips, and other monies.

3. Defendants have failed to compensate their food service workers at the federal and state minimum wage, and unlawfully misappropriated a portion of their tips.

4. Plaintiffs seek injunctive and declaratory relief against Defendants' unlawful actions, return of the tip credit (i.e. the difference between the full applicable minimum wage and the hourly wage Defendants actually paid to their food service workers), return of the misappropriated tips, return of unpaid wages, liquidated damages, interest, and attorneys' fees and costs as permitted in accordance with the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 and 1337, and has supplemental jurisdiction over Plaintiffs' NYLL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1331, as the location of Boucherie, the restaurant where Plaintiffs worked, is in the Southern District of New York.

## PARTIES

7. Plaintiff, a resident of Oregon, was employed by Defendants as a server from December 10, 2018 through late March 2019.

8. Plaintiff was Defendants' employee within the meaning of the FLSA and NYLL.

9. Defendant Talia's New York is a limited liability companies that owns and operates Talia's Steakhouse, a restaurant located at 668 Amsterdam Ave. in New York City.

10. Upon information and belief, Defendants jointly and individually have an annual gross volume of sales in excess of $500,000.00.

11. Defendant Nagar is an owner and operator of Talia's, and has been an active manager with authority to control the pay practices and employment policies.

12. At all relevant times, corporate Defendants have been and continue to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

13. All Defendants are hereinafter collectively referred to as "Defendants."

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiffs bring their FLSA claims on behalf of themselves and similarly situated employees (i.e., servers) who are, or have been employed by Defendants in the three years preceding the filing of this Action.

15. The members of the FLSA collective have been victims of Defendants' common policies and practices which have denied Plaintiff and the collective of the full minimum wage and earned tips.

16. The FLSA Collective consists of servers who during their employment at Talia's, fell into the category of "tipped employees," who customarily earned more than $30.00 per month in tips and were required by Talia's to deduct a portion of their tips from each shift to be given to kitchen workers.

17. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA collective by engaging in a pattern, practice and policy of violating the FLSA. This pattern, practice and policy includes:

   a. Depriving food service workers of the tips they earned;

   b. Improperly taking a tip credit toward food service workers' wages;

    c. Redistributing portions of the tips earned by food service workers to bar managers, and other individuals who were not entitled to tips pursuant to the FLSA and NYLL;

    d. Failing to make timely payments of wages;

    e. Making unlawful deductions from wages.

18. Defendants have engaged in unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees' compensation by willfully and knowingly violating the FLSA.

19. The FLSA collective would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join this action.

20. The identities of these similarly situated employees are or should be known to Defendants and are locatable through Defendants' business records.

## CLASS ACTION ALLEGATIONS

21. Pursuant to Rule 23 of Federal Rules of Civil Procedure, Plaintiffs bring this lawsuit as a class action on behalf of all food service employees who are employed or who have been employed by Defendants within six years prior to the filing of this Complaint.

22. **Numerosity**: The potential number of persons in the Class is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of persons in the Class is unknown to Plaintiffs at this time; however, it is estimated that the number exceeds 50 individuals.

23. **Commonality and Typicality**: The claims of Plaintiffs (for violations of the FLSA and NYLL based on their maintenance of an invalid tip scheme and illegally paying

Plaintiffs and the class a rate of below the minimum wage) is typical of the claims of all of the other members of the Class because all of them sustained similar injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all of the other members of the Class were caused by Defendants' wrongful conduct as described in this Complaint.

24. **Ascertainable Class**: The proposed Class is ascertainable in that its members can be identified and located using information contained in Defendants' payroll and personnel records.

25. **Adequacy**: Plaintiffs are adequate representatives of the Class; will fairly protect the interests of the other members of the Class; have no interests antagonistic to the members of the Class; and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type. Class Counsel is competent and experienced in litigating large wage payment class actions.

26. **Superiority**: The nature of this action makes the use of the class action vehicle a particularly efficient and appropriate procedure to afford relief to Plaintiffs and the other members of the Class for the wrongs alleged herein, as follows:

   a. This case involves a large corporate Defendant and a large number of individuals with many relatively small claims and common issues of law and fact

   b. If each individual member of the Class was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because, with its vastly superior financial and legal resources, it would be

able to exploit and overwhelm the limited resources of each individual member of the Class;

c. Requiring each individual member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by members of the Class who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation;

d. The Prosecution of separate actions by the individual members of the Class, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual members of the Class against Defendants; would establish potentially incompatible standards of conduct for Defendants, would result in legal determination with respect to individual members of the Class which would, as a practical matter, be dispositive of the interest of the other members of the Class who are not parties to the adjudications; and/or would substantially impair or impede the ability of the members of the Class to protect their own interests;

e. The claims of the individual members of the Class may not be sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses thereto;

f. Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expense and burden of individual litigation would make it difficult of impossible for individual member of

the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action; and

g. The costs to the court system of adjudication of such individualized litigation would be substantial.

## FACTS

27. Plaintiff was paid $8.00 per hour in 2018 and $9.00 per hour in 2019, even though the restaurant had more than 11 employees, in violation of the NYLL Hospitality Wage Order.

28. The FLSA and NYLL allow employers of "food service workers" to pay their tipped employees at a rate below the normal federal and state minimum wages by applying a tip credit towards certain eligible employees' wages.

29. The FLSA and the NYLL provide that in order to be eligible for this tip credit, employers of tipped employees must inform food service workers about their intention to apply the tip credit towards the employees' wages and also must allow employees to keep all of the tips that they receive.

30. Managers and other non-service employees are prohibited from sharing in the tips received by the "food service workers."

31. Plaintiff and other servers were directed by Talia's management (including by Nagar) that 30% of their tips would be deducted and given to the kitchen workers.

32. Plaintiff and other servers were instructed at the end of every shift, to add up their credit card and cash tips and multiply by 0.7, and that amount would be retained by the servers.

33. The remaining 0.3 of the tips (i.e. 30%) would be given to back of the house workers (including dishwashers and cooks), who had no interaction with customers.

34. The kitchen staff is excluded from the definition of the FLSA collective.

35. By these and other acts, Defendants have taken gratuities belonging to Plaintiff and the FLSA Collective and unlawfully diverted them to managerial and non-service staff who are not entitled to receive tips at the restaurant, thereby preventing the food service workers from retaining all of the tips left for them in violation of the FLSA and NYLL.

36. Because Defendants established an illegal tip scheme at Talia's, they are not entitled to take advantage of the tip credit and reduce the minimum wages of Plaintiff and the FLSA Collective by applying the tip credit allowance that is available under the FLSA and the NYLL.

37. Defendants are also prohibited from applying the tip credit because they failed to provide Plaintiffs and the FLSA Collective with notice of the tip credit as required by both the NYLL and FLSA.

### **FIRST CAUSE OF ACTION**
### **FLSA – Unpaid Minimum Wages**

38. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 43 above as if specifically set forth herein.

39. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

40. Defendants were required to pay Plaintiff and the FLSA Collective the applicable federal minimum wage rate.

41. Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because, *inter alia*,

    a. Defendants were required to but failed to inform Plaintiff and the FLSA Collective of the provisions of 29 U.S.C. § 203(m);

b. Defendants unlawfully distributed portions of the tips received by Plaintiff and the FLSA Collective to employees in positions that do not customarily and regularly receive tips, in violation of the FLSA and its supporting regulations; and,

c. Defendants illegally made impermissible deductions in the amount of tips given to Plaintiffs and the FLSA Collective.

42. Defendants were aware of, or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

43. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective suffered damages to be determined at trial and are entitled to the recovery of such amounts and liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other damages pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### NYLL – Unpaid Minimum Wages

44. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 49 above as if specifically set forth herein.

45. Defendants are employers within the meaning NYLL §§ 190, 651(5), 652 and the supporting New York State Department of Labor regulations, and employed Plaintiffs.

46. Defendants were required to pay Plaintiff the applicable minimum wage rate under the NYLL.

47. Defendants were not eligible to avail themselves of the tipped minimum wage rate under the NYLL because, *inter alia*,

d. Defendants were required to but failed to provide the required tip credit notice under the NYLL;

9

e. Defendants unlawfully distributed portions of the tips received by Plaintiff and the FLSA Collective to employees in positions that do not customarily and regularly receive tips, in violation of the NYLL and its supporting regulations; and,

f. Defendants illegally made impermissible deductions in the amount of tips given to Plaintiff and the FLSA Collective.

48. Defendants were aware of should have been aware that the practice described in this Complaint were unlawful and did not make a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

49. As a result of Defendants' willful violations of the NYLL, Plaintiff suffered damages to be determined at trial and are entitled to the recovery of such amounts and liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other damages pursuant to the NYLL.

### THIRD CAUSE OF ACTION
### NYLL – Unlawful Tip Deductions

50. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 55 above as if specifically set forth herein.

51. NYLL § 196-d prohibits employers or their agents from demanding or accepting directly or indirectly any part of the gratuities received by an employee, or retaining any part of a gratuity or any charge purported to be a gratuity for an employee.

52. Defendants unlawfully retained tips from Plaintiff and unlawfully redistributed their tips to non-tip eligible employees.

53. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid tips, reasonable attorneys' fees, liquidated damages, and pre-judgment interest and post-judgment interest.

## FOURTH CAUSE OF ACTION
### NYLL, Article 6, §§ 190 *et seq*. Notice and Wage Statements

54. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 59 as if set forth fully herein.

55. Defendants willfully failed to furnish Plaintiff with a notice containing the rate of pay and the basis thereof, whether paid by the hours, shift, day, week, salary, piece, commission, or otherwise, the name of the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business and a mailing address if different, the telephone number of the employer, and anything else otherwise required by law.

56. Defendants also willfully failed to furnish Plaintiff with every payment of wages, a wage statement that included the phone number of the employer, the proper overtime rate, and anything else otherwise required by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be granted awarding Plaintifs:

    (a)    Compensatory damages;

    (b)    Liquidated damages;

    (c)    Prejudgment interest;

    (d)    Attorneys' fees and costs; and

    (e)    Such other legal and equitable relief as the Court deems necessary and proper.

Dated: October 8, 2019
       New York, New York

                      THE KLEIN LAW GROUP PC

                      By: _____
                          Darren P.B. Rumack
                          39 Broadway, Suite 1530
                          New York, NY 10006
                          Phone: 212-344-9022
                          Fax: 212-344-0301
                          *Attorneys for Plaintiff and proposed*
                          *FLSA collective plaintiffs and Rule 23 class.*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Talia's and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay minimum wage and overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

| _____ | October 8, 2019 | Nikola Hamilton |
|---|---|---|
| Signature | Date | Printed Name |